# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES SIMS, | : | |
|     Petitioner | : | |
| | : | No. 3:17-cv-01647 |
| v. | : | |
| | : | (Judge Rambo) |
| LAWRENCE MAHALLY, et al. | : | |
|     Respondents | : | |

## MEMORANDUM

On September 13, 2017, Petitioner Charles Sims ("Petitioner"), an inmate at the State Correctional Institution in Dallas, Pennsylvania ("SCI-Dallas"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the decision of the Pennsylvania Board of Probation and Parole ("Parole Board"), to deny him parole. (Doc. No. 1.) Petitioner claims that the Parole Board has violated his due process rights by the "constant denial of parole." (Id.) In their response to the petition, Respondents maintain that the denial of the petition is appropriate because Petitioner's due process challenge is meritless. (Doc. No. 17.) Upon consideration of the petition and for the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus.

## I. BACKGROUND

On August 4, 1981, Petitioner was sentenced to 30-100 years imprisonment for third degree murder, criminal attempt to cause or aide in suicide, six counts of

criminal attempt murder, and conspiracy to commit murder. (Doc No. 17, Ex. A.) The convictions were a result of Petitioner's presence on August 8, 1978 inside a Philadelphia residence during a prolonged, confrontational stand-off between resident members of the MOVE Organization and the Philadelphia Police Department. (Id. at 2, Ex. B) One Philadelphia Police Officer was killed while three others were shot and injured and four Philadelphia firefighters were shot and injured. (Id.)

On January 16, 1985, Petitioner was sentenced in Luzerne County Court of Common Pleas to six months to one year for simple assault after he was convicted of assaulting a correctional officer while incarcerated at SCI-Dallas on May 15, 1984. (Id. at Ex. C.) Petitioner's dates of incarceration were calculated by the Department of Corrections as follows: minimum sentence – February 8, 2009 and maximum sentence – August 8, 2079. (Id. at Ex. D.) Since reaching his minimum sentence date, Petitioner has been reviewed for parole on eight (8) separate occasions and denied on each occasion. (Id. at 3.) Petitioner's most recent denial of parole occurred on January 11, 2017. (Id.) The following factors were invoked by the Parole Board to deny Petitioner parole on January 11, 2017: (1) risk and needs assessment indicating [Petitioner's] level of risk to the community; (2) the negative recommendation made by the Department of Corrections; (3) reports,

2

evaluation and assessments/level of risk indicates [Petitioner's] risk to the community; (4) minimization/denial of the nature and circumstances of the offense(s) committed; (5) refusal to accept responsibility for the offense(s) committed; and (6) lack of remorse for the offense(s) committed. (Id. at Ex. E.) Petitioner is scheduled to be reviewed for parole again in or after December 2018. (Id.)

## II. STANDARD OF REVIEW

A challenge to the denial of parole is cognizable under 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001) (jurisdiction to entertain state prisoner's habeas petition challenging denial of parole lies under § 2254). However, a federal district court may not grant parole or determine parole eligibility. Alex v. Gavin, No. 1:cv-14-0261, 2015 WL 8012825, at *1 (M.D. Pa Dec. 7, 2015). "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." Id. (quoting Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 944 (2d Cir. 1976); see also Bridge v. U.S. Parole Comm'n, 981 F.2d 97 (3d Cir. 1992).

## III. DISCUSSION

Petitioner advances only one ground for relief in his petition: that the Parole Board's repeated parole denials amount to a violation of his right to due process. (Doc No. 1.) Respondents argue that the petition should be denied because there is no indication that the Parole Board abused its discretion by acting arbitrarily or capriciously in denying Petitioner parole. (Doc. No. 17.)

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. It is well settled that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has the Commonwealth of Pennsylvania created such a right. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979); see also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); Coady v. Vaughn, 770 A.2d 287, 289 (Pa. 2001) ("It is undisputed that [an inmate] does not have a clear legal right to the grant of parole, nor does the board have a corresponding duty to grant the same.").

"Since a discretionary decision of the Parole Board denying an inmate early parole does not implicate any constitutionally [or state] protected liberty interest,

4

the scope of federal judicial review of these decisions is necessarily quite limited." Diehl-Armstrong v. Pa. Bd. of Prob. & Parole, No. 13-2302, 2014 WL 1871509, at *5 (M.D. Pa. May 7, 2014). The role of a federal court is confined to reviewing the substance of the state parole decision to determine whether the Parole Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Stated simply, the Court must evaluate whether the Parole Board abused its discretion. In order to show a violation substantive due process, the petitioner must demonstrate that: (1) he was arbitrarily denied parole on the basis of impermissible reasons such as race, religion, or political beliefs, and/or (2) the Parole Board failed to apply appropriate, rational criteria in reaching its determination. Id. at 236; Bonsall v. Gillis, 372 F. Supp. 2d 805, 807 (M.D. Pa. 2005). "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" Hunterson v. DiSabato, 308 F.3d 236, 247 (3d Cir. 2002) (citation omitted).

The Parole Board has issued its most recent decision to deny Petitioner parole on January 11, 2017; therefore, to the extent that Petitioner challenges the Parole Board's decisions to deny him parole on December 1, 2008, December 29, 2009, December 15, 2010, December 8, 2011, December 3, 2012, December 9, 2013, and January 6, 2015, these claims have been rendered moot. See Alex, 2015 WL 8012825, at *3; Rollings v. Kerestes, Civ. No. 13-7473, 2015 WL 418154 (E.D. Pa. Jan. 30, 2015) (habeas challenge to prior parole refusals became moot after new parole decision was issued, only most recent parole denial reviewed); Coles v. Folino, Civ. No. 12-0238, 2014 WL 5685547 (W.D. Pa. Nov. 14, 2014) (habeas petition challenging parole denials is moot where petition received subsequent parole hearing);

Here, Petitioner has not established that the January 11, 2017 denial of parole amounted to an unreasonable exercise of the Parole Board's discretion. No argument is made by Petitioner that the Parole Board based its decisions to deny him parole on arbitrary or impermissible criteria in violation of his substantive due process rights. Rather, it is apparent from the arguments raised in Petitioner's petition that he merely disagrees with the criteria the Parole Board relied upon to deny him parole. However, this challenge to the Parole Board's administrative decisions to deny Petitioner parole release is unavailing. See 61 Pa. C.S. § 6137

6

(granting the Parole Board vast discretion to refuse or deny parole). The record clearly reflects that the Parole Board based its parole determinations on factors that it is statutorily required to consider in accordance with 61 Pa. C.S. § 6135; see McGinnis v. Royster, 410 U.S. 263, 277 (1973) (holding that there is a "legitimate desire of the state legislature to afford state prison officials an adequate opportunity to evaluate both an inmate's conduct and his rehabilitative progress before he is eligible for parole"). Under 61 Pa. C.S. § 6135, the Parole Board must evaluate, among other factors: (1) the nature and circumstances of the offense, (2) any recommendations made by the trial judge and prosecuting attorney, (3) the general character and background of the inmate, (4) the notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed, and (5) the conduct of the person while in prison and his physical, mental and behavioral condition and history and his complete criminal record.

Petitioner has not directed the Court to any factor relied upon by the Parole Board that could be described as conscience shocking or deliberatively indifferent. The fact that the Parole Board consistently relied on a combination of factors to deny Petitioner parole, alone, does not rise to the level of conscience shocking behavior that could give rise to a substantive due process claim. Ralston v. Dep't

7

of Parole & Prob., Civ. No. 12-1844, 2015 WL 1542480, at *5 (W.D. Pa. Apr. 7, 2015) (citing Gordon v. Wenerowicz, Civ. No. 10-1257, 2011 WL 5509538, at *4 (M.D. Pa. Nov. 10, 2011)). Therefore, because Petitioner has failed to meet his burden of demonstrating that the Parole Board abused its discretion, the Court will deny the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA. Thus, the Court will decline to issue a certificate of appealability, as Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000).

8

## V. CONCLUSION

In accordance with the foregoing, Petitioner Charles Sims' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1), will be denied. An appropriate Order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: November 1, 2018